**Fredrichee Douglas SMITH, Appellant**

v.

**The STATE of Texas**

NOS: PD–1790–13, PD–1791–13, PD–1792–13, PD–1793–13

Court of Criminal Appeals of Texas.

Delivered: June 24, 2015

Holly Kuchera, Houston, Gerald E. Bourque, The Woodlands, for Appellant.

Eric Kugler, Assistant District Attorney, Houston, Lisa C. McMinn, State's Attorney, Austin, for the State of Texas.

## OPINION

Johnson, J., delivered the opinion of the Court in which Meyers, Alcalá, Richardson, and Newell, JJ., joined.

A jury convicted appellant of possession of child pornography, two counts of sexual

assault of a child, and online solicitation of a minor and sentenced him to serve three years' incarceration for each count of sexual assault and eight years' incarceration for the possession and solicitation counts. Both eight-year sentences were suspended, and all of the sentences were ordered to be served concurrently. Appellant appealed, and the court of appeals reformed the trial court's judgments to delete the specific amount of assessed costs and affirmed the judgments as reformed. *Smith v. State*, Nos. 14–11–00838–CR, 14–11–00839–CR, 14–11–00840–CR, 14–11–00841–CR, 2013 WL 6726409, 2013 Tex.App. LEXIS 15273 (Tex.App.–Houston [14th Dist.] Dec. 19, 2013) (mem. op., not designated for publication).

## Facts

Appellant was charged with offenses alleged to have occurred in 2008 when the named complainant was fourteen years old and appellant was twenty-two. Appellant was an instructor for a life-guarding class at a club swimming pool where the named complainant worked as a receptionist during that summer. The two became involved in a romantic relationship that involved sexual contact and "sexting" messages, some of which included nude photos.

## Court of Appeals Opinion

On appeal, appellant claimed that trial counsel rendered ineffective assistance of counsel in various manners and that the amounts assessed against him as court costs should be deleted from the judgments because the clerk's record did not contain a bill of costs. The court of appeals addressed the multiple claims of deficient performance by trial counsel and determined that appellant had not demonstrated deficient performance by trial counsel or prejudice and overruled his claim of ineffective assistance of counsel. *Id.* at *1–4, 2013 Tex.App. LEXIS 15273 at **4–10. The court of appeals held that the trial court correctly ordered appellant to pay court costs, but "did err in entering a specific dollar amount without any support in the record for that dollar amount." *Id.* at *4, 2013 Tex.App. LEXIS 15273 at **11–12. Because there was no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, the court of appeals reformed the trial court's judgment in each case to delete the specific dollar amount of costs assessed. *Id.* at *4, 2013 Tex.App. LEXIS 15273 at *12. The court of appeals accordingly affirmed the judgments as reformed. *Id.*

## Grounds For Review

Both appellant and the state filed petitions for discretionary review. We granted review of those petitions. The state's petitions raise two grounds:

The court of appeals erred in holding that the sufficiency of the evidence justifying the assessment of court costs should be based on the clerk's "bill of costs" rather than on the statutory predicate for the assessment of such costs. The court of appeals erred in failing to reform the judgment to adjudge the correct assessment of court costs as mandated by the relevant statutes.

Appellant's petitions raise a single ground:

Mr. Smith's conviction under Texas Penal Code Section 33.021(b) is void because the court of criminal appeals held this statutory subsection facially unconstitutional.

## Appellant's Petitions

In this Court, appellant challenges only the conviction for online solicitation of a

minor. Although we granted review of all four of appellant's petitions, only one of those petitions, number PD–1793–13, addresses that conviction. Appellant's other three petitions correspond to the court of appeals's and trial court's judgments for his other three convictions.[1] Therefore, we dismiss appellant's other petitions, numbers PD–1790–13, PD–1791–13, and PD–1792–13, as improvidently granted.

Appellant argues that, because of this Court's ruling in *Ex parte Lo*[2] that Texas Penal Code section 33.021(b) is unconstitutional, his conviction under that statute is void. Appellant acknowledges that he did not raise this claim on appeal, but points out that *Lo* "was decided four months after [he] filed his brief,"[3] and contends that his failure to object to the constitutionality of this statute at the trial-court level is irrelevant because an "unconstitutional and void law may be attacked regardless of whether the complaining party objected at the trial or appellate stage." Appellant's Br. 8.

Appellant reasons that, because in *Ex parte Lo* this Court has already held that Section 33.021(b) is facially unconstitutional for over-breadth and "[b]ecause an unconstitutionally overbroad law is a void, nonexistent law, [he] has not forfeited his right to object to his conviction under that statutory subsection."[4] He also contends that, because Section 33.021(b) has been found to be facially unconstitutional, courts should view it void *ab initio* and that his conviction under Section 33.021(b) is therefore void. He further asserts that reversal of a conviction based on a void statute is a systemic requirement and a right that cannot be waived. He cites *Marin v. State*[5] for the proposition that some rights are so fundamental to the fair operation of the criminal-justice system that they cannot be forfeited by inaction or failure to assert them. He also contends that absolute requirements are systemic requirements that address the court's jurisdiction and should be addressed regardless of a party's complaint at the trial and appellate stages.

Appellant argues that the trial court had no jurisdiction to render a judgment on a non-existent offense, thus his conviction on the basis of an unconstitutional statute is a denial of due process, due course of law, and the Eighth Amendment prohibition against cruel and unusual punishment.[6]

The state argues that, prior to the decision of the court of appeals on the online-solicitation case, appellant never objected to that prosecution on grounds that the statute was unconstitutional and argues that, therefore, "he cannot raise that chal-

---

1. Appellant's petition for discretionary review was filed as a single document with a heading that listed each of the four court-of-appeals cause numbers that are attached to the appealed convictions. This Court docketed each of the four petitions with a separate number. The court of appeals's opinion disposed of all four appealed cases in a single opinion that listed the four separate cause numbers because appellant's complaints on direct appeal, applied to all four convictions.

2. 424 S.W.3d 10 (Tex. Crim. App. 2013).

3. Appellant's Br. x. Appellant's appellate brief was filed on June 20, 2013. This Court deliv-

ered its opinion in *Lo* on October 30, 2013, and issued mandate on April 14, 2014.

4. Appellant's Br. 2.

5. 851 S.W.2d 275, 278–81 (Tex. Crim. App. 1993) (overruled on other grounds by *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)).

6. Appellant also asserts that affirming this conviction will violate the First Amendment and the Supremacy Clause.

lenge for the first time in a petition for discretionary review." State's Br. 8. The state contends that, since *Lo* did not become final until after the trial court rendered its judgments and the court of appeals affirmed the convictions in this case, reversing those courts based upon *Lo* would have the effect of requiring them to anticipate that the online-solicitation statute would later be held to be unconstitutional. It notes our language in *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009): "The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional."

The state looks to our opinion in *Karenev*, in which we concluded that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Id.* It asserts that, based upon that rationale, "appellant was required to object in order to preserve the issue for direct appeal."[7] It also notes our recognition of the nearly exclusive list of situations in which a judgment can be considered void and that the list does not include a judgment resulting from a conviction based on a facially unconstitutional statute. *Karenev*, 281 S.W.3d at 432, citing *Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001).

The state suggests that this Court lacks jurisdiction to rule on "the constitutionality issue" because the court of appeals did not decide that issue and, in our discretionary-review capacity, we review "decisions" of the courts of appeals. It also contends that appellant has an adequate remedy at law via writ of habeas corpus and should be required to seek relief through such a writ.

In answer to the state's claim that we lack jurisdiction to rule on the *Lo* issue, appellant argues that we may exercise our jurisdiction to correct a clear error in the name of judicial efficiency. He notes that, while the court of appeals did not address the constitutionality of Section 33.021(b), its decision affirming the conviction under that subsection directly conflicts with our decision in *Lo*. Appellant cites our language in *Davison v. State*, 405 S.W.3d 682, 691–92 (Tex. Crim. App. 2013), which states that, "when the proper resolution of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy."

### Analysis

In *Lo*, 424 S.W.3d at 19–20, we specifically held that Section 33.021(b) is unconstitutionally over-broad. The state does not challenge our prior holding as to the statute's constitutional deficiency; it takes issue only with the procedural posture in which appellant seeks to apply that holding to his conviction under that statute.

*Davison* involved a situation in which our rejection of the lower appellate court's basis for disposition gave rise to another issue that was necessary to the appeal's disposition but which the appellate court had not already addressed.[8] That situa-

---

7. State's Br. 10.

8. Davison plead guilty to the offense of burglary of a building, a state jail felony. In a written "Guilty Plea Memorandum" and orally, the trial court advised Davison that a state-jail felony is punishable by not less than 180 days and no more than two years in a state-jail facility. But Davison also plead true to three felony enhancement paragraphs, which increased the available punishment range to that of a second-degree felony. Some four months after accepting the appellant's guilty

tion differs from the factual context of this case. Nevertheless, we conclude that, in affirming appellant's conviction for the on-line-solicitation offense, the court of appeals implicitly determined that there was no constitutional impediment to prosecuting that offense. Accordingly, we have determined that we have jurisdiction to review the court of appeals's decision. And because this case involves a conviction under a statutory provision that we have previously determined is facially unconstitutional, addressing the merits of appellant's challenge to his conviction under that very same statutory provision allows us to dispose of the case in the name of judicial economy if the proper solution of the issue is clear. *Davison,* 405 S.W.3d at 691–92.

■ We have recognized that "an unconstitutional statute is void from its inception" and that " 'when a statute is adjudged to be unconstitutional, it is as if it had never been' " and that such "an unconstitutional statute is stillborn[.]" *Reyes v. State,* 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) (citing and quoting *Ex parte Bockhorn,* 62 Tex.Crim. 651, 138 S.W. 706, 707 (1911)). We have also said "that an unconstitutional statute in the criminal area is to be considered no statute at all."

*Reyes,* 753 S.W.2d at 383 (citing *Hiett v. United States,* 415 F.2d 664, 666 (5th Cir. 1969), *cert. denied* 397 U.S. 936, 90 S.Ct. 941, 25 L.Ed.2d 117 (1970)).

■ In *Marin,* we recognized that our system contains rules of three distinct kinds:

(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.

*Marin,* 851 S.W.2d at 279. A category-one "absolute requirement and prohibition" right includes the right to be free from the enforcement of a statute that has been declared unconstitutional and void. *Id.* "For example, this Court has held that nonjurisdictional principles of due process and separation of powers are such as to render void from its inception conflicting legislation." *Id., citing Rose v. State,* 752 S.W.2d 529, 552–553 (Tex.Crim.App.1988) (opinion on rehearing). In *Rose,* we explained that it did not matter that the defendant had failed to object to the parole-law section of the jury charge because we had previously held that portion unconstitutional as a violation of the doctrine of

plea, the trial court held a punishment hearing and imposed the maximum sentence for a second-degree felony. At no point did the trial court formally admonish Davison that, as enhanced, the charges against the appellant exposed him to a range of punishment of two to twenty years in the penitentiary.

On appeal, Davison argued that the failure to admonish him with respect to the applicable range of punishment violated the statute and also rendered his guilty plea involuntary for purposes of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The court of appeals held that the trial court erred in failing to admonish Davison as required by Tex.Code Crim. Proc.

article 26.13(a) before accepting his guilty plea and that, because the statutory admonishment is in the nature of a waiver-only right, this error could be asserted for the first time on appeal. But it also held that the error was harmless under Texas Rule of Appellate Procedure 44.2(b), the standard for non-constitutional errors. The court of appeals declined to reach the merits of Davison's constitutional claim because, unlike the appellant's statutory claim, his constitutional claim was subject to procedural default and was forfeited by his failure to raise it in the trial court and, even if properly preserved, any constitutional error was harmless.

separation of powers. *Rose,* 752 S.W.2d at 553. Thus, one consequence of declaring a penal statute unconstitutional and void is to put a conviction pursuant to that statute into the *Marin* "category one"—an absolute right or legal requirement that is so fundamental that it cannot be forfeited or waived by those complaining thereafter.

As the state notes, in *Karenev* we held that a defendant could not raise a facial challenge to the constitutionality of a statute for the first time on appeal.[9] But the situation in that case is distinguishable from the present one in appellant's case. In *Karenev,* the defendant was attacking a valid statute that had not yet been declared void. In the present case, appellant is seeking relief for a conviction of a non-crime under a statute that has already been held to be invalid.

We offer an example. Suppose a juvenile, who had been convicted of capital murder in 2004 and sentenced to death, complained for the first time on appeal that our death-penalty statute was unconstitutional because it permitted the execution of juveniles. In 2004, we would have summarily rejected any such complaint because the defendant did not object at trial. But in 2005, the Supreme Court held that the Eighth Amendment bars the execution of juveniles, even when they commit murder. *Roper v. Simmons,* 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Once the Supreme Court had spoken, that same defendant, whose claim we had summarily rejected in 2004, would be entitled to relief from his death sentence in a habeas application or, if his direct appeal were still pending, on direct appeal. *See, e.g., Garza v. State,* 435 S.W.3d 258 (Tex. Crim. App. 2014) (determining propriety of addressing merits of unobjected-to constitutional challenge to statute requiring life-without-parole sentence for juvenile capital murderer).

The distinction is that a *Marin* "category one" right, which is not subject to forfeiture or waiver by the failure to object, is a right that was recognized as fundamental before the defendant made his present claim. Any defendant, convicted or not, may obtain relief from a conviction under a statute that has already been held void. Imagine that the Supreme Court holding that the constitution does not permit the execution of juveniles was interpreted by trial courts to not apply to juveniles who were tried before the *Simmons* decision and who did not object at trial, thus permitting those juveniles to be executed. Such a rule would be both a fundamental miscarriage of justice and a rule that the Supreme Court, American society, and this Court would not accept. That is what *Marin* "category one" rights represent—a bulwark against the miscarriage of justice.

■ Appellant is entitled to relief. Because we have previously held that Section 33.021(b) is facially unconstitutional, there is no valid law upon which to base the conviction that appellant challenges in petition number PD–1793–13. *See McFarlin v. State,* 123 S.W. 133 (Tex. Crim. App. 1909) ("The law upon which this prosecution is predicated was held by this court unconstitutional. *See Ex parte Frank A. Smythe,* 56 Tex.Crim. 375, 120 S.W. 200 (1909). There being no valid law upon which to predicate a prosecution, the judgment is reversed, and the prosecution ordered dismissed.") Because it is facially unconstitutional, it was "stillborn" and void *ab initio. See Reyes,* 753 S.W.2d at 383. Accordingly, we sustain appellant's ground

9. 281 S.W.3d at 434.

for review in petition number PD–1793–13, reverse the judgment of the court of appeals in its case number 14–11–00841–CR, and render a judgment of acquittal for the online-solicitation offense based on Section 33.021(b). *See Ex parte Chance*, 439 S.W.3d 918 (Tex.Crim.App.2014).

## State's Petitions

The state's petitions challenge the court of appeals's treatment of the trial court's assessment of court costs. After the court of appeals handed down its opinion, we decided *Johnson v. State*, 423 S.W.3d 385 (Tex.Crim.App.2014), which sets out a roadmap for resolving questions concerning court costs. The court of appeals did not have the benefit of our *Johnson* opinion when it addressed appellant's claim concerning court costs. Therefore, we grant the state's petitions for discretionary review in petition numbers PD–1790–13, PD–1791–13, and PD–1792–13, vacate the judgments of the court of appeals in those cases, and remand those three cases to the court of appeals for reconsideration in light of our *Johnson* opinion. Because of our disposition of applicant's ground for review, we dismiss as moot the state's petition number PD–1793–13.

Keller, P.J., filed a concurring and dissenting opinion. Yeary, J., filed a concurring and dissenting opinion in which Keasler and Hervey, JJ., joined.

Keller, P.J., filed a concurring and dissenting opinion.

I disagree with Judge Yeary's contention that granting relief on an unpreserved claim of the sort before us amounts to resurrecting the now-defunct "right not recognized" exception to the contemporaneous objection rule. The right at issue here is not the same as the right at issue in *Karenev v. State*.[1] The right at issue in *Karenev* was the right not to be convicted under a facially unconstitutional law that had not yet been declared unconstitutional.[2] The right at issue in the present case is the right not to be convicted under a facially unconstitutional law that has been declared unconstitutional. This latter right is nonforfeitable, regardless of when the law was declared unconstitutional. For example, suppose a prosecutor were ignorant of the fact that a particular law had been declared unconstitutional on its face and proceeded to prosecute someone under that law. Suppose defense counsel were also ignorant of the matter and failed to object at trial. That failure to object would not forfeit the claim that the law had been declared facially unconstitutional.

Of course, it is unlikely that the prosecutor and the defense attorney in a criminal trial would both be ignorant of the fact that the law on which the prosecution is based has been declared facially unconstitutional. And if they were, the defendant would almost certainly have a slam-dunk claim of ineffective assistance of counsel—unless, of course, the defendant had no attorney because he represented himself at

---

1. 281 S.W.3d 428 (Tex. Crim. App. 2009).

2. *See id.* at 434 ("A facial challenge to the constitutionality of a statute falls within the third category. Statutes are presumed to be constitutional until it is determined otherwise."). *See also id.* at 431 (quoting *United*

*States v. Baucum*, 80 F.3d 539, 540 (D.C. Cir. 1996): "[o]n balance ... the weight of the precedent, as well as prudential considerations, counsel toward treating facial constitutional challenges to presumptively valid statutes as nonjurisdictional").

trial.[3] But it matters not that prosecutions after a law is declared unconstitutional are unlikely or that a defendant prosecuted under a law after it was declared unconstitutional would ever need this type of claim to be nonforfeitable in order to obtain relief. The point is that the claim is nonforfeitable regardless of when it arises in relation to the defendant's prosecution.

However, I agree with Judge Yeary, for the reasons given in his opinion, that a petition for discretionary review is not the appropriate avenue to address the type of claim before us when the court of appeals did not address it. And I also agree that appellant has an avenue in which to obtain relief on this claim—habeas corpus.[4]

I also note that the legislature passed a statute this year that requires the appointment of counsel to file a habeas application in a non-capital case when the State represents to the convicting court that an indigent defendant was convicted or sentenced under a statute that was found unconstitutional by this Court or the United States Supreme Court.[5] This statute is already in effect and applies retroactively.[6] Appellant's remedy is by an application for a writ of habeas corpus.

I respectfully dissent to the Court's disposition of both the State's and appellant's petitions for discretionary review in our cause number PD–1793–13. I concur in the Court's disposition of the State's other petitions for discretionary review.

## CONCURRING AND DISSENTING OPINION

Yeary, J., filed a concurring and dissenting opinion in which Keasler and Hervey, JJ., joined.

In *Karenev v. State*, a bare majority of this Court held that "[a] facial challenge to the constitutionality of a statute falls within the third category" of rights under the rubric of *Marin v. State*—that is to say, such a claim is of the sort that may be lost for appeal by simple inaction at the trial court level. 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (citing *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993)). Simply put, it is subject to forfeiture. Four judges emphatically disagreed. *Id.* at 435–40 (Cochran, J., concurring, joined by Price, Womack, and Johnson, JJ.). Today the Court significantly quali-

---

3. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

4. If the Court is correct that the claim at issue is an absolute prohibition or requirement (Marin category 1), *see Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), then I would agree with Judge Yeary that appellant could raise this claim on habeas corpus. Even if the claim is determined to be a waivable-only claim (*Marin* category 2), *see id.* at 278, he may still be able to raise it on habeas corpus on the ground that it was not reasonably available to him on direct appeal since *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), was handed down after appellant's appellate brief was filed. *See Ex parte Jimenez*, 364 S.W.3d 866, 880 (Tex. Crim. App. 2012) ("Ordinarily a convicted person may not raise

an issue in a habeas proceeding if the applicant could have raised that issue on direct appeal."). And even if the claim is waivable-only and he cannot raise the claim on habeas because counsel should have raised it in some fashion before the court of appeals, then he has a slam-dunk claim of ineffective assistance of counsel. We need not decide at this juncture into which *Marin* category appellant's clam falls.

5. *See* Acts 2015, 84th Leg., S.B. 662 (enacting TEX. CODE CRIM. PROC. art. 11.074).

6. *See id.* §§ 2, 3. *See also* History tab S.B. 662: "Last Action: 06/16/2015 E Effective immediately." http://www.capitol.state.tx.us/BillLookup/History.aspx?LegSess=84R& Bill =SB662

fies *Karenev*, holding that, once an appellate court has declared a penal provision to be unconstitutional on its face, any subsequent challenge to the constitutionality of an appellant's conviction under that penal provision is essentially converted into a category one claim under *Marin*. Majority Opinion at 895–96.[1] That means it may be raised for the first time on appeal; and indeed, the Court holds today, it may even be raised for the first time in a petition for discretionary review, in the interest of judicial economy! *Id.* at 894–95.

In effect, the Court has thereby resurrected (at least in part) a defunct exception to the contemporaneous objection rule: the right-not-previously-recognized exception (but only for newly recognized category one *Marin* rights—what might

otherwise be described as a right-not-previously-recognized-as-a-category-one-*Marin*-right exception). In doing so, however, the Court seems to overrule, by necessary implication, another nearly unanimous opinion, *Sanchez v. State*, 120 S.W.3d 359 (Tex. Crim. App. 2003). There we held that, by adopting the *Marin* framework in 1993, we eliminated from our jurisprudence any right-not-recognized exception to the contemporaneous objection rule. *Id.* at 367.[2]

The way I see it, then, before we may grant the appellant the relief he seeks in this case, we are effectively put to the choice of either overruling *Karenev* or overruling *Sanchez*. The Court today does not acknowledge this dilemma. Instead, the Court resolves the case as if *Sanchez* simply did not exist.[3] To compli-

---

1. Query: At what point does this conversion take place? Is it when any appellate court declares a penal statute to be facially unconstitutional? Or is it only after this Court should eventually do so? Or not until the United States Supreme Court may happen to say so?

2. *See also Karenev*, 281 S.W.3d at 433 (citing *Sanchez* for the proposition that the right-not-recognized exception to the contemporaneous objection rule has been eliminated by *Marin* ); *Ex parte Moreno*, 245 S.W.3d 419, 423 n. 15 (Tex.Crim.App.2008) (*Sanchez* "called the 'right not recognized' exception to the contemporaneous objection rule into question").

3. I believe that whether a particular claim falls within one *Marin* category or another should not be made to depend upon when that claim is recognized to be valid. Instead, it should simply depend upon the nature of the claim itself—does it seek to vindicate an interest that is so indispensable to the correct operation of the criminal justice system that its enforcement is not even optional with the parties. *Marin*, 851 S.W.2d at 280. For essentially the reasons that Judge Cochran developed in her concurring opinion in *Karenev*, I would hold that an appellant's claim that his

conviction and punishment cannot stand because they are based upon a facially unconstitutional penal provision is patently a *Marin*-category-one type of claim *from its inception*, regardless of whether it has yet been recognized and validated by an appellate court. Such a claim may be raised for the first time, and should be addressed on the merits, on appeal. However, for the reasons I develop *post*, if the claim is *not* raised on direct appeal, I would not reach it for the first time in a petition for discretionary review. If the nature of the claim is such that it truly falls within the first category of *Marin*, it may be vindicated for the first time on collateral attack, in post-conviction habeas corpus proceedings. *Ex parte Moss*, 446 S.W.3d 786, 788–89 (Tex. Crim. App. 2014). The way I see it, judicial economy does not always or necessarily mean disposing of an issue as expeditiously as possible—it also means assuring that the right court is doing what it is supposed to do at the proper time and in the proper context. The purpose of discretionary review is to examine "decisions" of the courts of appeals and to shepherd the jurisprudence. There is no need to tinker with that format when we have post-conviction proceedings to serve as a safety valve to vindicate true category one *Marin* claims.

cate matters, the Court reaches its conclusion in an opinion on discretionary review, without the benefit of the input of a lower court opinion. I would wait to resolve this case in post-conviction habeas corpus proceedings.

Ordinarily, on discretionary review, this Court addresses only the "decisions" of the courts of appeals. *See* Tex. R. App. P. 66.1 & 68.1 (Court of Criminal Appeals "may review a court of appeals' decision in a criminal case" either on its own initiative or on petition by any party); *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014) ("As a general proposition, this Court will review only the 'decisions' of the courts of appeals."). When a court of appeals has failed to address an issue that was squarely presented to it, rather than reach that issue for the first time in discretionary review, we have typically remanded the cause for the court of appeals to address in the first instance. *McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014). But because Appellant did not challenge the facial constitutionality of the

statute in his direct appeal, that question was not before court of appeals in this case. The court of appeals was never called upon to render a "decision" with respect to the facial constitutionality of the statute. While it is true that we have sometimes reached the merits of a claim not predicated on an explicit "decision" of the lower appellate court, we have done so only "when the proper disposition of [the] outstanding issue is clear[.]" *Id.* (quoting *Gilley*, 418 S.W.3d at 119; *see also, Davison v. State*, 405 S.W.3d 682, 691–92 (Tex. Crim. App. 2013).[4]

It is not at all clear to me that the exception to *Karenev* that the Court carves out today is justifiable as long as *Sanchez* remains on the books. At the very least, this Court would benefit from an opinion from the court of appeals whether it believes it may reach the merits of Appellant's facial challenge to the constitutionality of the statute, notwithstanding *Karenev*. But Appellant did not ask the court of appeals to review his current claim, and the court of appeals never ad-

---

4. For a time, this Court seems to have regarded the rule that it will review only "decisions" of the courts of appeals as jurisdictional, deriving that notion from the constitutional amendment that instituted discretionary review in 1981. *See Owens v. State*, 827 S.W.2d 911, 917–18 n. 7 (Tex. Crim. App. 1992) ("It is not our duty to preemptively execute the function of a lower tribunal, and the preservation of our system of appellate review dictates that we must forbear from the temptation of appropriating the rightful duties of the courts of appeals in the name of judicial economy. Because the court of appeals has not passed on the question of whether the admission of the extraneous offense testimony was harmless error, we must remand this case to that court so it can fulfill the function constitutionally assigned to it by the citizens of this state."); *Holland v. State*, 802 S.W.2d 696, 701 (Tex. Crim. App. 1991) (citing Tex. Const. art. V, § 5, for the proposition that "[i]n our discretionary review capacity we review 'deci-

sions' of the courts of appeals"). But, as the cases cited in the text illustrate, the Court has obviously retreated from the view that it lacks *jurisdiction* to review an issue not decided by the lower appellate court. *See also*, George E. Dix & John M. Schmolesky, 43B Texas Practice: Criminal Practice and Procedure § 57:11:50, at 35 (3d ed. Supple.2014–15) (citing *Gilley* for the proposition that this Court "will sometimes address an issue not decided by a court of appeals if both (a) the proper resolution of the issue is clear; and (b) judicial economy would be significantly furthered by disposing of it immediately"); *Vega v. State*, 394 S.W.3d 514, 521 n. 27 (Tex. Crim. App. 2013) ("We here exercise our inherent authority to make an initial harm analysis because both parties have fully briefed the issue of harm, and the record clearly demonstrates that the error is harmless.").

dressed it. Under these circumstances, the Court should follow its usual practice of refusing to review a claim not decided by the court of appeals.

To do so would not deprive Appellant of recourse. If, as the Court holds today, Appellant's claim really does fall within *Marin*'s category one—if society simply will not tolerate a conviction under a penal statute that has been judicially declared unconstitutional on its face—then Appellant will be permitted to raise his complaint for the first time in post-conviction habeas corpus proceedings. *See Ex parte Moss*, 446 S.W.3d 786, 788–89 (Tex. Crim. App. 2014) (holding that a claim that the trial court lacked jurisdiction may be raised for the first time in a post-conviction habeas corpus proceeding because it falls within *Marin*'s category one). Moreover, if he is indigent, Appellant will be able to take advantage of recent, retroactively applicable legislation that would entitle him to the appointment of counsel to pursue a post-conviction remedy on the ground that he has been "convicted or sentenced under a law that has been found unconstitutional by the court of criminal appeals[.]" Act effective June 16, 2015, 84th Leg., R.S., S.B.662 §§ 1 & 2 (to be codified as Tex.Code Crim. Proc. art. 11.074, § (b)). There is no need to disrupt the ordinary workings of discretionary review to decide whether we should overrule *Karenev* or instead overrule *Sanchez*.

To recap: *Karenev* held that a claim that a statute is facially unconstitutional is a category three *Marin* claim that must be preserved at trial before it may be raised on appeal. Today the Court holds that this is so only until such time as the statute has been declared by a court to be unconstitutional on its face, from which time forward the claim becomes *Marin* category one—an absolute prohibition that can be raised for the first time "at any time," including for the first time on discretionary review.[5] In so holding, the Court has effectively overruled *Sanchez*, albeit *sub silentio*. I would not take these issues up for the first time in a petition for discretionary review. That is not what discretionary review is for. If the Court is correct in its resolution of Appellant's claim,[6] then in any event Appellant will be able to obtain relief in post-conviction habeas corpus proceedings, with the assistance of counsel if he is indigent.

I respectfully dissent to the Court's disposition of both the State's and Appellant's petitions for discretionary review in our cause number PD–1793–13. I concur in the Court's disposition of the State's other petitions for discretionary review.

---

5. We know from *Ex parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013), that "at any time" cannot be taken literally. There we held that an applicant may not raise a jurisdictional issue for the first time in a *subsequent* post-conviction application for writ of habeas corpus, since it does not meet the criteria of Section 4 of Article 11.07. Tex. Code Crim. Proc. art. 11.07 § 4.

6. Because I would not address Appellant's claim at all in this case, I need not ultimately

pass on the question of the correctness of the Court's opinion in *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), upon which the merits of Appellant's claim depends. For present purposes, suffice it to say I am decidedly dubious. Plainly put, I am not at all sure I agree that the statute in issue truly *is* unconstitutional on its face. But we need not and should not revisit that question today.